UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
IN ADMIRALTY

Civil Action No. _____

MARKEL AMERICAN INSURANCE )
COMPANY, )
                          Plaintiff, )
                           )
vs. ) **COMPLAINT FOR**
                           ) **DECLARATORY JUDGMENT**
AMY MCRAE and, RICHARD )
MCRAE, )
                         Defendants. )

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, Markel American Insurance Company ("MAIC"), by and through its undersigned counsel, and for its Complaint seeking this Court's Declaratory Judgment would respectfully state as follows:

## NATURE OF THE CASE

MAIC seeks a declaration that it does not have coverage for damages sustained by a 42' 2017 Yellowfin vessel reported to bare Hull Identification Number YFY42105J617[1] (including 4 outboard motors and known as the M/V CHAS'N TAILS) ("Vessel") as a result of an incident on or about June 11, 2022 and that the policy MAIC issued to Amy McRae and Richard McRae, Policy No. MHY00000634121 ("Policy") should be deemed voided *ab initio* and rescinded. During MAIC's

---

[1] The Defendants represented the Hull Identification Number ("HIN") of the subject vessel as YFY42105J617 on their insurance policy application with MAIC; a survey of the vessel following the subject incident revealed she was physically marked with HIN YFY42104J617.

investigation and analysis of a claim for coverage submitted by Defendants under the Policy, MAIC learned certain facts that are materially different than those disclosed in Defendants' application for the MAIC Policy, including but not limited to representations and/or misrepresentations about: (a) Defendant Richard McRae's prior felony conviction; (b) Defendant Richard McRae's suspended driver's license; (c) a prior refusal by another marine insurance company to insure the Vessel; (d) the Vessel not being continuously insured during the thirty (30) days prior to the date the policy application was submitted; and (e) Defendant Richard McRae's prior motor vehicle violation(s).

## JURISDICTION AND VENUE

1. This is an action for declaratory relief pursuant to Title 28 of the United States Code, sec. 2201 *et seq*, and Rule 57 of the Federal Rules of Civil Procedure in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance which is in dispute.

2. Venue lies within the Middle District of North Carolina as this cause arises out of a policy of marine insurance delivered to the assureds named therein, the Defendants, Richard McRae and Amy McRae, at their mailing address of 126 Lady Mary Lane, Rockingham, North Carolina 28379.

3. This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has subject matter jurisdiction pursuant to Title 28 of the United States Code, sec. 1333.

4. Additionally, and in the alternative, this Court has subject matter jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

5. Plaintiff is a corporation organized and existing under the laws of the Virginia, with its office and principal place of business located in Virginia.

6. Defendants Amy McRae and Richard McRae (collectively, the "Defendants"), are citizens and residents of Richmond County, North Carolina.

## FACTUAL ALLEGATIONS

7. On or about April 14, 2022, Defendants submitted, via Defendants' broker, an application for a policy of marine insurance. Such a submission was a routine aspect of the Plaintiff's procedure for considering whether to agree to provide insurance coverage.

8. A copy of the said application form was completed and signed by Defendant Amy McRae on behalf of Defendant Richard McRae and herself, and submitted on or about April 14, 2022 by and on behalf of the Defendants by their broker (the "Policy Application"), true and correct copy is attached hereto as Exhibit A.

9. The MAIC policy of marine insurance was issued based upon the representations set forth in, and the material information disclosed in the Policy Application.

10. On or about April 14, 2022, the MAIC Policy No. MHY00000634121 was issued to Defendants, in exchange for good and valuable consideration, affording coverage in the amount of $580,000.00 on the Vessel, which was alleged to be owned by Defendants.

11. A true and correct copy of the declarations page and the policy language for Policy No. MHY00000634121 is attached hereto as Exhibit B.

12. On or about June 11, 2022, during the term of the Policy, the Vessel apparently struck the Georgetown Rock Jetties located in Georgetown, South Carolina, causing damage to the Vessel.

13. Upon receipt of the first notice of the June 11, 2022 incident described herein, Plaintiff caused an investigation to be made into the facts and circumstances surrounding the said incident.

14. During Plaintiff's investigation, Plaintiff sent Defendants correspondence advising that Plaintiff was investigating and analyzing Defendants' claim under a full reservation of rights.

15. During Plaintiff's investigation, it was discovered that Defendant Richard McRae was convicted of a felony prior to the submission of the Policy Application. Plaintiff's investigation further established that the Defendants misrepresented and/or failed to disclose numerous other facts, including but not limited to as detailed below, which were material to the decision of the Plaintiff's underwriter(s) to issue the referenced policy, and/or to the decision of the Plaintiff's underwriter(s) decisions as to the terms of the policy or the coverage to be afforded,

and/or material to the decision of the Plaintiff's underwriters' calculation(s) as to the premium to be charged.

16. As part of Plaintiff's investigation, and pursuant to the terms of the Policy, Plaintiff's counsel conducted examinations under oath ("EUO" or "EUOs") of Defendants Amy McRae and Richard McRae.

17. Notwithstanding the facts established by Plaintiff's said investigation, Defendants have made a claim against the Plaintiff and continue to pursue the claim under the terms of Policy No. MHY00000634121 demanding payment of the full insured value of the Vessel ("Claim").

## **FIRST CAUSE OF ACTION**

18. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 17 as if set forth fully herein.

19. The MAIC Policy states, in pertinent part, in the "Insuring Agreement" section:

> **INSURING AGREEMENT**
>
> In return for the premium payment and compliance with all applicable provisions of this policy and any endorsements, we agree to provide the insurance coverages you have selected as shown on the Declarations Page, which is part of this policy.
>
> By accepting this policy, you agree that the statements on the Declarations Page and any application are your agreements and representations. This policy is issued in reliance upon the truth of your representations during the application process and it includes all agreements existing between you and us or any of our representatives.
>
> It is warranted that the **insured yacht** is seaworthy at the inception of this insuring agreement. Violation of this warranty voids this insuring agreement from its inception.

20. Further, the MAIC Policy states in the "General Conditions" section:

> 3. Misrepresentation or Fraud
> All insurance provided by this policy will be null and void if you, at any time, either intentionally conceal or misrepresent any fact, regardless of materiality, or if you misrepresent or conceal any material fact regardless of intent. No action or inaction by us will be deemed a waiver of this provision.

5

21. The Defendants breached the provisions of the MAIC Policy by misrepresenting or failing to disclose facts which were material to Plaintiff's decision to accept the risk of insuring the Vessel.

22. The Policy Application asks seven questions in the "Eligibility Questions" section and was submitted by the Defendants as shown below:

| ELIGIBILITY QUESTIONS | YES | NO |
|---|---|---|
| Is the yacht(s) up for sale? | ☐ YES | ☒ NO |
| Has the yacht(s) not been insured anytime during the past 30 days? | ☐ YES | ☒ NO |
| Has the yacht(s) (including the engines) been modified or altered from its original stock condition? | ☐ YES | ☒ NO |
| Has any owner(s) or any operator(s) ever been convicted of a felony? | ☐ YES | ☒ NO |
| During the past three years, has any operator(s) had their drivers license suspended, revoked or refused? | ☐ YES | ☒ NO |
| During the past three years, has any operator(s) had any boat or automobile insurance canceled, been refused issuance or renewal, or received notice of such intent? (Not Applicable in MO) | ☐ YES | ☒ NO |
| Are there any owners that have not been disclosed? | ☐ YES | ☒ NO |
| Please explain: | | |

  a. The "Eligibility Questions" section in the Policy Application specifically asks, "Has any owner(s) or any operator(s) ever been convicted of a felony?" As shown in Paragraph 22 above, the box "NO" is checked beside this question. However, Defendant Richard McRae admitted in his EUO that he was convicted of Felony Possession of a Schedule II Controlled Substance in Burke County, North Carolina, 07-CRS-005576 51, prior to the submission of the Policy Application and inception of the Policy.

  b. The Policy Application specifically asks in the section "Eligibility Questions" whether, "During the past three years, has any operator(s) had their drivers license suspended, revoked or refused?" As shown in Paragraph 22 above, the box "NO" is checked beside this question. However, the Defendants admitted in their EUOs that Defendant Richard McRae's license had been suspended in the last three years prior to the submission of the Policy Application and inception of the Policy.

6

c. The Policy Application specifically asks in the section "Eligibility Questions" whether, "during the past three years, has any operator(s) had any boat or automobile insurance canceled, been refused issuance or renewal, or received notice of such intent?" As shown in Paragraph 22 above, the box "NO" is checked beside this question. However, the Defendants admitted in their EUOs that insurance had been refused to Defendants in the past three years prior to the submission of the Policy Application and inception of the Policy.

d. The Policy Application specifically asks in the section "Eligibility Questions", "has the yacht(s) not been insured anytime during the past 30 days?" As shown in Paragraph 22 above, the box "NO" is checked beside this question. However, the Defendants admitted in their EUOs that the Defendants did not have a policy of insurance for the Vessel in their names in the 30 days prior to the submission of the Policy Application and inception of the Policy.

23. The Policy Application specifically asks in the section "operator information" to, "list and describe all motor vehicle violations/accidents in the past three years for this operator." The Defendants did not insert any information beside this question, meaning, the Defendants represented that they did not have any motor vehicle violations or accidents in the past three years. However, the Defendants admitted in their EUOs that the Defendant Richard McRae had been charged with at least three different motor vehicle violations in the three years prior to the submission of the Policy Application and inception of the Policy.

7

Case 1:22-cv-00915-CCE-JLW   Document 1   Filed 10/31/22   Page 7 of 9

24. The Defendants misrepresented and/or failed to disclose other potentially material facts in the Policy Application, including but not limited to, those referenced herein.

25. Had the Defendants disclosed the material facts, including but not limited to those referenced herein, the Plaintiff would not have agreed to insure the Vessel and/or would have not have agreed to issue Policy No. MHY00000634121 or would have charged a higher premium for the said Policy.

26. Upon information and belief, the Defendants' misrepresentation and/or failure to disclose material facts constitutes a breach of the duties imposed upon the Defendants by the express terms of the Policy and under the principles of applicable admiralty law including but not limited to Defendants duty of utmost good faith (*uberrimae fidei*).

27. Upon information and belief, based on the aforesaid, the said Policy is void *ab initio* – from the inception of the Policy – and/or entitles the Plaintiff to declare the said Policy void.

28. Notwithstanding the aforesaid and the resulting lack of any apparent coverage under Plaintiff's Policy of marine insurance, Defendants presented their claim for coverage for the damage alleged to have been sustained by the Vessel as a result of the referenced incident of June 11, 2022.

29. As a result of the aforesaid, Plaintiff has sustained actual prejudice and seeks this Court's declaratory judgment regarding the Policy No. MHY00000634121. Until such time as the Plaintiff is able to have its rights and responsibilities construed

by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said Policy.

30. A real and justiciable issue exists and an actual and present dispute warrants this Court's Declaratory Judgment.

WHEREFORE, Plaintiff prays as follows:

A. That this Court declare that the Policy is voided, rescinded, and that the relationship of insurer and insured does not exist between Plaintiff and Defendants;

B. In the alternative, that this Court enter an order declaring that the Policy does not afford coverage to the Defendants for damages sustained to the Vessel arising out of the June 11, 2022 incident;

C. That the costs of this action be taxed against the Defendants; and

D. For such other and further legal and equitable relief that the Court deems just and proper.

This the 31st day of October 2022.

                                                       CRANFILL SUMNER LLP

BY: /s/ Jason R. Harris
      Jason R. Harris
      State Bar No. 27876
      Peyton L. Derrow
      State Bar No. 58195
      101 N. 3rd Street #400
      Wilmington, NC 28401
      Telephone: (910) 777-6000
      Facsimile: (910) 777-6111
      jharris@cshlaw.com
      pderrow@cshlaw.com
      Attorneys for Plaintiff