# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MARKEL AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:22-CV-915 |
| AMY MCRAE and RICHARD MCRAE, | ) ) ) | |
| Defendants. | ) ) | |

## <u>ORDER</u>

The United States Magistrate Judge filed a Memorandum Opinion and Recommendation in accordance with 28 U.S.C. § 636(b) and it was served on the parties. Docs. 46, 47. The defendants filed objections to the Recommendation. Doc. 48.

The defendants obtained an insurance policy from Markel, through a broker, for a newly purchased boat in April 2022. Doc. 1 ¶ 7. Ms. McRae signed the application on behalf of herself and her husband and Markel subsequently issued an insurance policy. *Id.* at ¶ 8. Less than three months later, the boat was involved in a crash while Mr. McRae and a friend were operating the boat.

After the defendants filed a claim, Markel discovered several discrepancies and omissions in the defendants' responses to questions on the policy application. Markel brought this action asking that the policy between the parties be declared void and rescinded based on material misrepresentations in the defendants' insurance application. Doc. 1.

The matter was referred to the Magistrate Judge. Markel moved for summary judgment. Doc. 30. Following briefing by the parties, the Magistrate Judge issued a Memorandum Opinion and Recommendation in which he recommended that the motion be granted. Doc. 46.

## A. Standard of Review

Upon the filing of objections to a recommendation by a Magistrate Judge, the district court "shall make a *de novo* determination of those portions . . . to which objection is made." 28 U.S.C. § 636; *accord* Fed. R. Civ. P. 72(b).

## B. Defendants' Objections

In their objections, the defendants contend that the Magistrate Judge erred in three ways: one, by concluding that the defendants "do not contest that the misrepresentations and omissions were made," Doc. 46 at 9; two, by finding that the defendants' misrepresentations and omissions were objectively material; and three, by failing to make a finding as to reliance. The Court has reviewed the motion for summary judgment *de novo* as to these three issues.

There was no objection to the Magistrate Judge's conclusion that admiralty law applies and that under federal maritime law, an insurer can be excused from paying on a policy if the insured party has misrepresented or failed to disclose relevant facts. Doc. 46 at 7. Nor did the defendants object to the Magistrate Judge's conclusion that this means insurance applicants owe insurers the utmost good faith. The court finds no clear error on those points. *See, e.g., Catlin at Lloyd's v. San Juan Towing & Marine*, 778 F.3d 69, 75 n.6 and 80-81 (1st Cir. 2015); *New York Marine & Gen. Ins. Co. v. Continental Cement*

2

*Co., LLC*, 761 F.3d 830, 837 (8th Cir. 2014) (holding that "[u]nder the federal common law doctrine of utmost good faith or *uberrimae fidei,* 'a failure by the insured to disclose conditions affecting the risk, of which he is aware, makes the contract voidable at the insurer's option.'").

### 1. Misrepresentations

The defendants contend that they did dispute that they made various misrepresentations. But this is semantics. The defendants admitted the application included the various inaccurate answers, only offering justifications for why these statements weren't misrepresentations. This objection misunderstands their obligation to exercise the utmost good faith.

For example, in their depositions, written discovery responses, and objections, the defendants admit that Ms. McRae, answering on behalf of both defendants, responded "NO" to the question in the policy application about Mr. McCrae's prior felony conviction. Yet it is undisputed that Mr. McRae had a felony drug conviction. *See, e.g.,* Doc. 48 at 4. That the defendants offer justifications for this false statement does not prevent the misstatement from being a misrepresentation. Mr. McRae, an applicant, knew he had been convicted of a felony. That Ms. McRae says she did not know this and that Mr. McRae did not personally sign the application does not relieve them of their obligation to tell the truth to the insurance company when applying for a policy.

Similarly, the defendants acknowledge that Mr. McRae's driving license had been revoked and that Ms. McRae knew this. Doc. 48 at 5. The fact that the revocation was

due to "administrative error" does not mean it was not revoked. Nor does it prevent the assertion that it had not been revoked from being a misrepresentation.

The defendants offer other justifications, reasons, or excuses for the other four inaccurate answers on the policy application, concerning Mr. McRae's driving violations, suspended driver's license, a prior denial of an insurance application, and whether the yacht had been previously uninsured. Explanations of the misrepresentations and omissions do not change the fact that the answers were wrong and inaccurate, all while the application represented that the answers were correct.

The Magistrate Judge correctly applied the doctrine of *uberrimae fidei*, utmost good faith. The defendants' objection as to these misrepresentations does not undermine the analysis of the Magistrate Judge on this issue and is overruled.

### 2. Materiality.

As noted by the Magistrate Judge, the key inquiry is whether the defendants "disclose[d] to the insurer all known circumstances that materially affect the risk being insured." *See Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 13 (2d Cir. 1986). At least four of the misrepresentations were in response to queries on the policy application labeled as "Eligibility Questions," indicating that the insurance company needed the information to determine the applicants' eligibility. The questions addressed to the applicants' driving record and criminal history, along with information about the boat's insurance history, are reasonable inquiries for an insurer to make so that a prudent insurability decision can be made. The other questions were also reasonable questions to ask in order to determine whether to issue an insurance policy. Markel offered evidence of materiality,

4

including uncontradicted testimony from an underwriter that a felony conviction makes an applicant ineligible. Doc. 35-3; Doc. 40-2. In their objections, the defendants point to no evidence that the information was not material.

The Magistrate Judge correctly determined that there was no disputed question of material fact as to materiality. The defendants' objection as to materiality does not undermine the analysis of the Magistrate Judge on this issue and is overruled.

### 3. Reliance

In their final objection, the defendants contend that the Magistrate Judge erred in not addressing whether Markel relied on the defendants' misrepresentations in issuing coverage. Even if a showing of reliance is necessary, which the Court need not decide, the defendants have pointed the Court to no evidence that Markel did not so rely. Markel's evidence of reliance - the policy itself says it was issued in reliance on the defendants' representations on the application, and a service manager and underwriter for Markel testified as to reliance – is thus undisputed.

The Court concludes that the lack of specific discussion of reliance does not undermine the Magistrate Judge's recommendation.

### C. Conclusion

Upon de novo review, the Court finds that the Magistrate was correct in finding that there are no disputed questions of material fact and that summary judgment for the plaintiff insurance company is appropriate. As such, the plaintiff's motion for summary judgment will be granted and final judgment declaring that the insurance policy issued to Richard and Amy McRae on a 42 2017 Yellowfin, Doc. 1-2, is rescinded and voided, the

5

relationship of insurer and insured does not exist between the parties, and the policy does not afford coverage for damages sustained to the 2017 Yellowfin arising out of a June 11, 2022 incident, will be issued separately as time permits.

It is **ORDERED** that:

1. The plaintiff's motion for summary judgment, Doc. 30, is **GRANTED**.

2. Final judgment will be entered separately.

This the 22nd day of February, 2024.

_____
UNITED STATES DISTRICT JUDGE